Eastern District of Kentucky
**FILED**

JUL 1 8 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
NO. 5:05-CV-288-JMH

NORREASHA GILL                                                      PLAINTIFF

v.                                              **ANSWER**

CUMULUS MEDIA, INC.                                               DEFENDANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Comes Defendant Cumulus Media, Inc. ("Cumulus"), by and through counsel, and for its

Answer to the complaint of plaintiff Norreasha Gill, states as follows:

### FIRST DEFENSE

1.      Cumulus denies the allegations in the first two sentences of paragraph 1 of the

complaint, but admits that on or about May 25, 2005, Cumulus Broadcasting LLC, a wholly-

owned subsidiary of Cumulus, owned and operated WLTO-FM (Hot102) in Lexington,

Kentucky. Cumulus admits the allegations in the third sentence of paragraph 1 of the complaint.

2.      Cumulus denies the allegations in paragraph 2 of the complaint, but admits that on

such date "DJ Slick" was on the air from approximately 8:00 p.m. to 10:00 p.m.

3.      Paragraph 3 contains a legal conclusion as to which no response is required

insofar as it alleges that "DJ Slick was the agent of Cumulus Media Inc. and WLTO-FM

(Hot102)." Cumulus denies the remaining allegations in paragraph 3 of the complaint.

4.      Cumulus denies the allegations in paragraph 4 of the complaint.

5.      Cumulus denies the allegations in paragraph 5 of the complaint, but admits that on

or about May 25, 2005, "DJ Slick" stated that he would give "100 Grand" to the 10th caller.

6.      Cumulus denies the allegations in the first sentence of paragraph 6 of the

complaint. With respect to the allegations in the second sentence of paragraph 6 of the

complaint, Cumulus is without knowledge or information sufficient to form a belief as to what

1

plaintiff herself believed and therefore denies the allegations, and further denies that a reasonable person would "reasonably believe[] she would receive $100,000 if she were the 10th caller."

7.      Cumulus admits the allegations in paragraph 7 of the complaint.

8.      Cumulus denies the allegations in paragraph 8 of the complaint.

9.      The first sentence of paragraph 9 contains a legal conclusion as to which no response is required insofar as it alleges reliance and inducement.   Cumulus is without knowledge or information sufficient to form a belief as to the remaining allegations in the first sentence of paragraph 9 and therefore denies the allegations.  Cumulus admits the allegations in the second sentence of paragraph 9 of the complaint.

10.     With respect to the allegations in paragraph 10 of the complaint, Cumulus is without knowledge or information sufficient to form a belief as to what plaintiff herself believed and therefore denies the allegations, and further denies that a reasonable person would "reasonably believe she had entered into a contract wherein she was to receive $100,000 in consideration for being the 10th caller," and further denies that plaintiff entered into such a contract.

11.     With respect to the allegations in the first sentence of paragraph 11, Cumulus is without knowledge or information sufficient to form a belief as to why plaintiff went to the Central Bank building and therefore denies the allegations, but admits that plaintiff went to the building.  With respect to the second sentence of paragraph 11, Cumulus is without knowledge or information sufficient to form a belief as to what plaintiff discovered or believed and therefore denies the allegations, and further denies that a reasonable person would believe that she had entered into a contract for money, and further denies that plaintiff entered into such a contract.

12.     Cumulus denies the allegations in paragraph 12 of the complaint.

13.     Paragraph 13 contains legal conclusions as to which no response is required; however, Cumulus denies that that it entered into a contract with plaintiff, that it breached any contract with plaintiff, and that plaintiff suffered any damages.

14.     Paragraph 14 contains legal conclusions as to which no response is required; however, Cumulus denies that that it committed fraud and that plaintiff is entitled to punitive damages.

15.     Any and all of plaintiff's allegations not specifically admitted herein, are hereby denied.

SECOND DEFENSE

16.     The complaint fails to state a claim upon which relief may be granted.

THIRD DEFENSE

17.     The complaint is barred by the doctrines of waiver, estoppel, payment, and accord and satisfaction.

FOURTH DEFENSE

18.     The complaint is barred because any purported contract lacked consideration.

FIFTH DEFENSE

19.     The complaint is barred because "DJ Slick" lacked actual or apparent authority to act on Cumulus's behalf.

SIXTH DEFENSE

20.     The complaint is barred by the doctrine of unclean hands.

SEVENTH DEFENSE

21.     Cumulus reserves the right pending the completion of discovery to assert any additional defenses which may exist.

WHEREFORE, defendant Cumulus Media, Inc. respectfully requests that the Court:

A.      Enter judgment in its favor and dismiss plaintiff's complaint with prejudice;

B.      Award it reasonable attorneys' fees and costs pursuant to law; and

C.      Grant it such other and further relief as this Court may deem just and proper.

                    Respectfully submitted,

                    McBRAYER, McGINNIS, LESLIE &
                        KIRLAND, PLLC
                    201 East Main Street, Suite 1000
                    Lexington, Kentucky 40507
                    (859) 231-8780

        BY:         _____
                    STEPHEN G. AMATO
                    DOUGLAS T. LOGSDON
                    ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

        I hereby certify that on this the 18th day of July, 2005, a true and correct copy of the foregoing was served via U.S. Mail, postage pre-paid, upon the following:

Hon. Lee Van Horn
206 Lexington Building
201 West Short Street
Lexington, Kentucky  40507

                    _____
                    ATTORNEYS FOR PLAINTIFF


P:\TracyeS\SGA\Pleadings\Cumulus\answer.DOC